IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELDAMION ANTOINE HUGULEY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF USP-ALLENWOOD,<br><br>    Respondent. | No. 4:22-CV-01963<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**AUGUST 31, 2023**

Petitioner Meldamion Antoine Huguley, a federal inmate, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attempts to collaterally attack his conviction and sentence entered in 2019 after pleading guilty to interference with commerce by robbery and a felony firearm offense. The Court will dismiss Huguley's Section 2241 petition for lack of jurisdiction.

**I.    BACKGROUND**

Huguley is currently serving a 96-month sentence after pleading guilty—pursuant to a written plea agreement—to interference with commerce by robbery and felon in possession of ammunition.[1] Huguley did not file a direct appeal, but

---

[1] *See United States v. Huguley*, No. 1:18-CR-205, Docs. 13, 24 (M.D.N.C.); 18 U.S.C. § 1951(a); 18 U.S.C. § 922(g)(1) and 924(a)(2).

he did seek post-conviction relief in the sentencing court through a motion under 28 U.S.C. § 2255.[2] Huguley amended or supplemented that Section 2255 motion multiple times throughout 2019 and 2020,[3] but ultimately the motion was denied on October 4, 2021.[4] A certificate of appealability was likewise denied by the United States Court of Appeals for the Fourth Circuit.[5]

Huguely now attempts to collaterally attack his 2019 sentence through Section 2255(e) and Section 2241, relying primarily on the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019).[6] Because this Court does not have jurisdiction to entertain Huguley's petition, it must be dismissed.

## II.   DISCUSSION

Huguley attempts to challenge his 2019 sentence by arguing that *Rehaif*'s intervening change in statutory law renders his admitted conduct noncriminal.[7] He further contends that, if he had "been informed of the *mens rea* element" required under *Rehaif*, "he would not have pled guilty to the offense and would have went

---

[2] *See id.*, Doc. 26.
[3] *See id.*, Docs. 27, 30, 36, 40, 43.
[4] *See id.*, Doc. 57.
[5] *See id.*, Docs. 68, 69.
[6] In *Rehaif*, the Supreme Court held that, to convict a defendant under 18 U.S.C. § 922(g), the prosecution "must show that the defendant knew he possessed a firearm [or ammunition] and also that he knew he had the relevant status [as a person not to possess] when he possessed it." *Rehaif*, 139 S. Ct. at 2194.
[7] *See* Doc. 1 ¶ 4.

[sic] to trial[.]"[8]  Huguley's attempt to utilize Section 2255(e) and Section 2241 to collaterally attack his conviction fails for two reasons: first, Huguley likely could have raised a *Rehaif* claim during the pendency of his initial Section 2255 motion; second, and more importantly, new Supreme Court precedent forecloses Huguley's *Rehaif* challenge.

Generally, the presumptive method for bringing a collateral challenge to the validity of a federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.[9]  Only in the exceedingly rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.[10]

For many years, the law in the Third Circuit (and the majority of other circuits) was that this "savings clause" in Section 2255(e) applies when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[11]  In other words, for more than two decades, the Third Circuit held that Section 2255(e) permitted a federal prisoner to resort to Section 2241 when he "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[12]

---

[8]  *Id.* ¶ 6.
[9]  *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).
[10]  *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision or "savings clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. __, 143 S. Ct. 1857 (2023).
[11]  *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017) (collecting cases).
[12]  *Id.* at 180 (quoting *Dorsainvil*, 119 F.3d at 251).

On June 22, 2023, however, the Supreme Court of the United States decided *Jones v. Hendrix*, abrogating—among other circuit court decisions—*In re Dorsainvil*[13] and affecting a sea change in habeas practice with regard to Section 2241 petitions.[14] The *Jones* Court explicitly held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."[15]

Rather, Section 2255(e)'s savings clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing.[16] The savings clause also "preserves recourse to § 2241 . . . for challenges to detention other than collateral attacks on a sentence."[17] In all other circumstances, a convicted prisoner's *only* avenue for filing a second or successive Section 2255 motion attacking his sentence is expressly codified in 28 U.S.C. § 2255(h): "newly discovered evidence,"[18] or "a new rule of constitutional law."[19] [20]

---

[13] 119 F.3d 245 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. __, 143 S. Ct. 1857 (2023).
[14] *See Jones*, 143 S. Ct. at 1868.
[15] *Id.* at 1864.
[16] *See id.* at 1866-67, 1868.
[17] *Id.* at 1868.
[18] 28 U.S.C. § 2255(h)(1).
[19] *Id.* § 2255(h)(2).
[20] *Jones*, 143 S. Ct. at 1868, 1869.

4

Huguley's Section 2241 petition fails under the law preexisting *Jones* and, of course, following it. Before *Jones* was decided, Section 2255(e)'s savings clause did not apply because Huguley had the ability to raise his *Rehaif* claim (which case was decided in June 2019) during his initial Section 2255 motion proceedings.[21] More importantly, after *Jones*—the law which this Court must apply—Huguley's invocation of *Rehaif* no longer qualifies for resort to the savings clause in Section 2255(e), nor does it meet the requirements for a second or successive Section 2255 motion found in Section 2255(h).

In sum, Section 2255(e) does not apply to Huguley's claim.[22] Accordingly, the Court must dismiss his Section 2241 petition for lack of jurisdiction.[23]

## III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Huguley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[21] *See, e.g., Lanter v. Warden Lewisburg USP*, 844 F. App'x 489, 490-91 (3d Cir. 2021) (nonprecedential) (explaining that simply because petitioner had failed to timely file an initial Section 2255 motion based on *Rehaif* did not render Section 2255 "inadequate or ineffective" and permit resort to a Section 2241 petition through the savings clause).

[22] To the extent that Huguley raises other claims in his subsequent "motions to vacate sentence," (*see* Docs. 13, 14), those documents were filed without leave of Court and will not be entertained. Additionally, neither motion alters the conclusion reached by the Court in this matter.

[23] *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).